UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SABAS MARTINEZ,

                Plaintiff,                      14-cv-302 (NSR)

    -against-

                                         OPINION AND ORDER

PEGGY HEALEY et al.,

                Defendants.

-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

       Plaintiff, Sabás Martinez ("Plaintiff") commenced this action against Peggi Healy (misnamed as "Peggy Healey"), Erik Munro (misnamed as "Eric Monroe"), Joseph Malfatone, Collins Noel (misnamed as "Noel Collins"), Donna Lynn Mahoney, Joseph Wiggins (named as "Mr. Wiggins"), Donovan Scott (misnamed as "Scott Donovan"), "Miss Williams," Michelle Brink (named as "Miss Brink"), Abraham David (misnamed as "David Abraham"), "Mr. Richard," "Ms. Brite," Joseph Segarra (named as "Mr. Segarra"), Kareem Hill (misnamed as "Corin Hill"), "Drs. John Doe," and "Nurses John Doe" (collectively, "Defendants"), all in their individual and official capacities. Defendants are employees of the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), where Plaintiff, a prisoner at the Suffolk County Correctional Facility, was treated as a psychiatric inpatient while detained pretrial.

       The New York State Office of Mental Health operates Mid-Hudson as a treatment center for individuals detained under New York State Criminal Procedure Law § 730. Mid-Hudson seeks to rehabilitate patients so they are fit to stand trial for criminal charges, and to care for patients found not responsible for criminal acts by reason of mental disease or defect and who

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2014

are thought to be a danger to themselves or others.  *Antrobus v. Mid-Hudson Forensic Psychiatrick Ctr.*, No. 11-cv-7411, 2013 U.S. Dist. LEXIS 27786, at *1-2 (S.D.N.Y. Feb. 27, 2013).

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that his First and Fourteenth Amendment rights were violated while a patient at Mid-Hudson.  In summary, Plaintiff alleges that he was deprived of the right to:  (1) telephone calls; (2) religious services; (3) the library, mail, and writing; and (4) exercise, recreation, and other amenities.  Plaintiff is proceeding *pro se*, and for that reason, the Court accords the complaint leniency and construes it to raise the strongest claims and arguments it suggests.  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

Defendants Healy, Munro, Malfatone, Noel, Wiggins, Scott, Brink, David, Segarra, and Hill now jointly move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  This Court grants the motion pursuant to Rule 12(b)(6) and dismisses all claims against the moving defendants for the reasons stated below.  Likewise, the Court dismisses *sua sponte* all claims against any non-moving defendants, to the extent that Plaintiff has correctly named such parties, pursuant to the Court's authority under 28 U.S.C. § 1915A.  Accordingly, this action is dismissed in its entirety.

## I. COMPLAINT

By complaint filed January 13, 2014 (dkt. no. 2 ("Compl.")), Plaintiff alleges that from September 17, 2013 through at least December 17, 2013, while a patient at Mid-Hudson, he was mistreated in several ways.  First, he claims he was not permitted to make telephone calls on several occasions.  He claims defendants Noel and Wiggins prevented him from using the telephone on October 28.  Compl. at 7.  He claims defendants Malfatone, David, Noel, Brink, and Segarra prevented him from using the telephone for two weeks, beginning November 13,

2

"based upon unlawful acts of racial discrimination, unhuman [sic] degrading treatment, mental and psychological abuse." *Id.* at 7-8.  He claims he was not permitted to use the telephone on December 14.  *Id.* at 9.

Second, Plaintiff claims he was denied the opportunity to attend Catholic services on September 17, October 22, October 26, October 29, and November 19.  *Id.* at 7-8.  He claims he was denied the opportunity to attend services conducted in Spanish on October 5 by unidentified "public servants" and by the "senior in charge," and on November 12 by unidentified "housing aids."  *Id.* at 7.  He claims he was denied the opportunity to attend a religious program either on November 26 or November 27.  *Id.* at 8.

Third, Plaintiff makes a variety of other potential First Amendment claims.  He contends he was denied access to the law library on November 12, December 10, December 14, and December 17.  *Id.* at 7, 9.  He claims defendant Malfatone denied his access to the library on December 17.  *Id.* at 9.  He claims he was deprived of a pen and paper to write to his family and the court, and that, as of November 19, he was "still not able to use pen and paper." *Id.* at 8.  He claims that on November 26, defendant David withheld his mail for three weeks.  *Id.*

Fourth, Plaintiff claims he was denied the opportunity to exercise from October 13 to November 8, and again on November 12.  *Id.* at 7.  He claims defendant Malfatone prevented him from exercising or filing a grievance on either November 26 or November 27.  *Id.* at 8.  He claims he was denied recreation on December 9, for ten days starting December 14, and also on December 17.  *Id.* at 8-9.  He claims that on December 14, he was threatened by staff and denied a razor for more than ten days.  *Id.* at 9.

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss for "failure to state a claim upon which relief can be granted,"

3

Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DEFENDANTS AND CLAIMS

### A. Defendants Healy, Munro and Hill, and the Non-Moving Defendants

As a summarized above, Plaintiff's complaint contains some allegations specific to certain individual defendants. The complaint is entirely silent, however, as to moving defendants Healy, Munro, and Hill, and as to the other non-moving defendants (e.g., Donna Lynn Mahoney). In a Section 1983 case, vicarious liability principles do not apply, and a complaint must contain well-pleaded allegations that each government-official defendant, through that person's individual actions, violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Shomo v.*

*City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (enumerating ways an individual defendant allegedly may have violated the Constitution). Where, as here, the complaint's caption is the sole reference to certain individual defendants, any Section 1983 claims against those defendants cannot withstand even the most generous facial review under Rule 12(b)(6) or 28 U.S.C. § 1915A. Because there is no allegation of personal involvement in Constitutional violations on the part of Healy, Munro, Hill, or the non-moving defendants, all claims against those defendants are hereby dismissed.

### B. Defendants Malfatone, Noel, Wiggins, Scott, Brink, David and Segarra

As to the remaining defendants, the Court will address in turn each of the four sets of allegations.

#### 1. Use of Telephone

Plaintiff alleges that defendants Noel and Wiggins deprived him of telephone access on October 28 and that defendants Malfatone, David, Noel, Brink, and Segarra did the same for two weeks beginning November 13, "based upon unlawful acts of racial discrimination, unhuman [sic] degrading treatment, mental and psychological abuse." Compl. at 7-8. Plaintiff also contends that he was deprived of the telephone on December 14. *Id.* at 9.

First, the complaint contains no telephone-related allegation involving defendant Scott, and consequently, any claim on that basis against that defendant is dismissed. *Iqbal*, 556 U.S. at 676. Second, inmates "have no right to unlimited telephone calls." *Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y. 1988). Moreover, "[p]hone restrictions do not impinge on a prisoner's constitutional rights where an inmate has alternate means of communicating with the

5

outside world, and particularly with counsel." *Henry v. Davis*, No. 10-cv-7575, 2011 U.S. Dist. LEXIS 84100, at *7 (S.D.N.Y. Aug. 1, 2011).  Accordingly, a well-pleaded Section 1983 claim based on lack of telephone access would require an allegation that the inmate was "stripped of alternate methods of communication." *Edwards v. Horn*, No. 10-cv-6194, 2012 U.S. Dist. LEXIS 30968, at *20 (S.D.N.Y. Mar. 8, 2012).

      Plaintiff's complaint alleges sporadic deprivation of telephone access, but that is all it alleges.  *Cf. Pino v. Dalsheim*, 558 F. Supp. 673, 675 (S.D.N.Y. 1983) (absent more, an allegation of eight-minute, twice-monthly phone access does not support a constitutional claim). The complaint contains no allegation that Plaintiff was stripped of alternate methods of communication, aside from the thin assertion that, as of November 19, Plaintiff was "still not able to use pen and paper to write to family and court."  Compl. at 8.  That assertion regarding pen and paper, even coupled with the telephone-related allegations, is insufficient under Rule 12(b)(6) because it does not suggest a wholesale deprivation of both primary and alternate means of communicating with the outside world.  *See Henry*, 2011 U.S. Dist. LEXIS 84100, at *7. Indeed, just the opposite, it appears that Mid-Hudson employees timely permitted Plaintiff to advance his claims through the instant litigation.  Further, there is no suggestion in the pleadings that any employee precluded Plaintiff from communicating with counsel, whether in person or by other alternate means.

      Because there is no right to unlimited telephone calls, and because there is no allegation that Plaintiff was deprived of all alternate methods of communication, that aspect of the complaint fails to state a plausible claim for relief as against any defendant.

### 2. Attendance at Religious Services – "Free Exercise" Claim

Plaintiff also alleges that he was denied the opportunity to attend religious services on

6

certain dates in September, October, and November of 2013.  Compl. at 7-8.  Inmates "retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause," *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003), and inmates "should be afforded every reasonable opportunity to attend religious services, whenever possible," *Young v. Coughlin*, 866 F.2d 567, 570 (2d Cir. 1989).  A Free Exercise claim requires allegations and a threshold showing, however, that the disputed conduct substantially burdens sincerely held religious beliefs.  *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591).  And, as above, for such a claim to stand against any individual defendant, there must be some allegation that the defendant personally was involved in the disputed conduct.

The disputed conduct here is the alleged denials of attendance at religious services, which purportedly took place on a few different occasions.  The complaint does not correlate those denials with any individual defendant, however.  Instead, Plaintiff alleges that "public servants," the "senior in charge," and "housing aids" were responsible for the denials.  Compl. at 7.  Oblique references to individuals who may or may not be defendants do not constitute well-pleaded allegations that particular defendants took particular steps to deny Plaintiff his rights under the Free Exercise clause.  *See Shomo*, 579 F.3d at 184.  As such, the Court need not proceed further and assess the facial sufficiency of allegations concerning a "substantial burden" or "sincerely held beliefs."  The Free Exercise aspect of the complaint fails to state a claim as against any defendant, for lack of individualized pleading.

### 3. Other First Amendment Claims – Access to Courts, Free Speech

Next, Plaintiff makes assertions that can be viewed as ulterior First Amendment claims, premised on the purported denial of access to the courts and denial of free speech.  Specifically, Plaintiff contends he was denied access to the law library on four occasions, he was prohibited

7

from using pen and paper for an unspecified period of time, and his mail was withheld for over three weeks. Compl. at 7-9. "Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts,'" which is a right that prison officials cannot obstruct unreasonably. *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Equally clear, the mere limitation of access to legal materials, without more, does not state a constitutional claim. Rather, "to establish a constitutional violation based on a denial of access to the courts, a plaintiff must show that the defendant's conduct was deliberate and malicious, and that the defendant's actions resulted in actual injury to the plaintiff." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). "To show actual injury, the plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

First, for three of the four alleged denials of access to the law library, Plaintiff does not correlate the denial with any individual defendant. Consequently, those allegations fail to state a claim. *Iqbal*, 556 U.S. at 676. Second, defendant Malfatone allegedly was responsible for the fourth denial of library access, but there is, at most, a conclusory suggestion that the fourth denial was "deliberate and malicious," *Collins*, 581 F. Supp. 2d at 573, and the complaint is silent as to injury resulting from this denial. These deficiencies are fatal to the library-based claim against Malfatone.

Third, the allegation regarding inability to use pen and paper "to write to family and court" also is insufficient, because: (a) again, Plaintiff has not correlated the denial of materials with any particular defendant, *Iqbal*, 556 U.S. at 676; and (b) there is no allegation that the denial of materials caused Plaintiff any injury, *Collins*, 581 F. Supp. 2d at 573. Fourth, Plaintiff

8

alleges that defendant David withheld his mail for over three weeks, but that too is insufficient: (a) as against all defendants other than David, because no personal involvement is alleged; and (b) against David, because Plaintiff does not allege that withholding the mail "impeded his access to the court or prejudiced an existing action," for example, through dismissal of an otherwise meritorious legal claim, *Cancel v. Goord*, No. 00-cv-2042, 2001 U.S. Dist. LEXIS 3440, at *12 (S.D.N.Y. Mar. 29, 2001).

Fifth, and finally, insofar as the withholding of mail could support a First Amendment free speech claim, that allegation still falls short. "[I]n order for an inmate to state a claim for interference with incoming non-legal mail he must show a pattern and practice of interference that is not justified by any legitimate penological concern." *Id.* at *18-19. Likewise, "[a]lthough legal mail is 'privileged' and is afforded a higher degree of protection, there still must be a showing that prison officials "regularly and unjustifiably" interfered with the incoming legal mail rather than merely showing an isolated incident. *Id.* at *19. Plaintiff has pleaded a single three-week stretch of mail withholding by a single defendant, David. That is not a pattern or practice. Nor is it regular interference.

For the above reasons, all ulterior First Amendment allegations fail to state a claim as against any defendant.

### 4. Fourteenth Amendment Due Process Claim – Conditions of Confinement

Last, Plaintiff challenges certain conditions of confinement: lack of opportunity to exercise for approximately one month and lack of opportunity to file a grievance about that; a ten-day denial of recreation; and a ten-day denial of a razor. Compl. at 7-9. Pretrial detainees' claims regarding conditions of confinement are analyzed under the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), although Eighth Amendment

standards guide the Fourth Amendment analysis, *Patterson v. City of New York*, No. 11-cv-7976, 2012 U.S. Dist. LEXIS 113235, at *17 (S.D.N.Y. Aug. 9, 2012) (citing *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009)). Eighth Amendment standards counsel, for example, that there generally is no constitutional violation where deprivation of exercise is limited and partial and there is some ability to engage in in-cell exercise. *Davidson v. Coughlin*, 968 F. Supp. 121, 130 (S.D.N.Y. 1997) (collecting authorities), abrogated on other grounds sub nom., *Davidson v. Chestnut*, 193 F.3d 144, 144 (2d Cir. 1999).

Plaintiff's deprivation of exercise claim fails as against all defendants other than Malfatone, because Plaintiff fails to plead their personal involvement. Compare Compl. at 7 ("security housing aids and public servants"), with *Iqbal*, 556 U.S. at 676. Plaintiff's deprivation of exercise claim against Malfatone – which alleges a November 26 or November 27 denial of the opportunity to use the gym or file a grievance (Compl. at 8) – fails because only isolated conduct is alleged, because the complaint is silent as to whether in-cell or other exercise also was barred (and thus presumably, it was not), and because inmates do not have a constitutional right to prison grievance procedures. *Gill v. Jones*, No. 95-cv-9031, 2001 U.S. Dist. LEXIS 17674, at *30 (S.D.N.Y. Nov. 1, 2001) (denial of exercise on one occasion is not a constitutional violation); *Graham v. Coughlin*, No. 86-cv-163, 2000 U.S. Dist. LEXIS 14396, at *18 (S.D.N.Y. Sept. 29, 2000) (no constitutional right to grievance procedures).

Plaintiff's other Fourteenth Amendment allegations—denial of recreation and denial of a razor—likewise fail to state a plausible claim, but for the more basic reason that individual defendants' participation in the conduct is not alleged. *Iqbal*, 556 U.S. at 676. At most, the complaint contains a conclusory statement that defendant Scott "played a tremendous part of this negligence" (Compl. at 9), which is insufficient under *Iqbal*.

10

### C. Eleventh Amendment

Finally, as moving defendants correctly note, Plaintiff appears to have captioned the complaint as against all defendants in their individual *and* official capacities. The Eleventh Amendment bars suits in federal court by citizens against a state and its agencies, absent a waiver of immunity or Congressional legislation specifically overriding immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not consented to Section 1983 suits in federal court, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977), and that Section 1983 was not intended to override a state's sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 340-42 (1979). Thus, because a Section 1983 claim against a New York state official in his official capacity is deemed to be a suit against the state of New York, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), the Eleventh Amendment precludes any such claim. Here, whereas the above grounds compel dismissal of all claims against Defendants in their individual capacities, the Eleventh Amendment compels dismissal of all claims against Defendants in their official capacities. As such, the Court need not address moving defendants' alternative, qualified immunity arguments.

## VI. CONCLUSION

For the reasons stated above, moving defendants' motion to dismiss the complaint is GRANTED in its entirety, and all claims are hereby dismissed as against moving defendants Healy, Munro, Malfatone, Noel, Wiggins, Scott, Brink, David, Segarra, and Hill. All claims against all non-moving defendants are dismissed as well, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court is directed to terminate this action entirely.

Dated: Oct. 10, 2014
White Plains, New York

SO ORDERED:

10/10/14

NELSON S. ROMAN
United States District Judge